**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAMIA GOWINS,

    Plaintiff,

v.                                                   Case No. 3:23-cv-1361-MMH-MCR

TARGET CORPORATION,

    Defendant.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court on the Defendant Target Corporation's Response to This Court's Order on Diversity Jurisdiction (Doc. 9; Jurisdictional Response) filed on December 21, 2023. On November 17, 2023, Defendant filed Defendant Target Corporation's Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. See generally Notice. In the Notice, Defendant invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because "[t]he amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties." Id. at 5. On November 21, 2023, the Court entered an Order (Doc. 7; Jurisdictional Order) inquiring into its subject matter jurisdiction over this case. See generally Jurisdictional Order. In the Jurisdictional Order, the Court found

that Defendant had failed to present a plausible allegation that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332 because "the allegations in the Notice and Complaint," combined with Plaintiff's medical expenses and "proposal for settlement pursuant to Florida Statutes section 768.79," were not "sufficient to establish the amount in controversy under the facts of this case." Id. at 4–5. Accordingly, the Court ordered Defendant to provide "sufficient information so that [the Court] can determine whether it has diversity jurisdiction over this action." Id. at 7. In response to the Court's Jurisdictional Order, Defendant filed the Jurisdictional Response. See generally Jurisdictional Response. Upon review of Defendant's Jurisdictional Response and exhibits, the Court remains unable to conclude that it has subject matter jurisdiction over this action. Therefore, this case is due to be remanded to state court.

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In cases where, as here, the Court's diversity jurisdiction is invoked, see Notice at 5, the value of a plaintiff's claim must exceed the amount-in-controversy threshold of $75,000. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). A plaintiff satisfies this requirement if he claims a "a

sufficient sum in good faith." Id. at 807 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). And generally, a court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." See McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1312 (11th Cir. 2021).

As significant to this case, however, "the Red Cab Co. 'legal certainty' test gives way" where diversity jurisdiction is invoked based on a claim for indeterminate, unspecified damages. See McKinnon Motors, 329 F.3d at 807; see also McIntosh, 5 F.4th at 1312; Fastcase, Inc. v. Lawriter, LLC, 907 F.3d 1335, 1342 (11th Cir. 2018); Doane v. Tele Circuit Network Corp., 852 F. App'x 404, 406 (11th Cir. 2021); Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007).[1] Damages are indeterminate where a plaintiff makes "no effort to quantify" the damages she seeks. See Doane, 852 F. App'x 407; see also McKinnon Motors, 329 F.3d at 808 (explaining that the damages sought were indeterminate because plaintiff "did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim"). Notably, establishing that the amount in controversy exceeds the jurisdictional threshold requires more than a general allegation that damages exceed

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

$75,000. See Fastcase, 907 F.3d at 1339, 1343; Doane, 852 F. App'x at 407; Bradley, 224 F. App'x at 895. Instead, where damages are indeterminate, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." See McKinnon Motors, 329 F.3d at 807. "The additional requirement is 'warranted because there is simply no estimate of damages to which a court may defer.'" See Fastcase, 907 F.3d at 1342 (citation omitted). And, "'[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.'" See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319–20 (11th Cir. 2001)); see also Dibble v. Avrich, No. 14-CIV-61264, 2014 WL 5305468, at *4–6 (S.D. Fla. Oct. 15, 2014).[2]

Of course, in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); see also McIntosh, 5 F.4th at 1312–13 (finding

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

that although damages were unspecified, plaintiffs had sufficiently alleged injuries and expenses which, accepted as true, were "sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement"). Additionally, district courts are permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether" the amount in controversy is satisfied on the face of the complaint. Roe, 613 F.3d at 1061–62. Indeed, a court "need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" Id. (quoting Pretka, 608 F.3d at 770). Nevertheless, the Court may not speculate or guess as to the amount in controversy. See Pretka, 608 F.3d at 752.

Here, Defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams, 269 F.3d at 1319. In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). In the Jurisdictional Order, the Court questioned the sufficiency of Defendant's allegations regarding the amount in controversy and provided Defendant with an opportunity to present

additional information to make a showing that the value of Plaintiff's claim exceeds $75,000. Defendant has failed to do so.

In the Jurisdictional Response, Defendant argues that it has met its burden of establishing the amount in controversy exceeds $75,000 based on four main facts: (1) Plaintiff's existing medical bills in the amount of $15,645.07, (2) "Plaintiff's Proposal for Settlement of $80,000," (3) "Plaintiff's treatment became more aggressive throughout the year," and (4) Plaintiff is only 25 years old.[3] See Jurisdictional Response at 4. In particular, Defendant emphasizes that within a year of her injury Plaintiff received three "PRP injection[s]" between September 7, 2023, and October 5, 2023. See id. at 2. Defendant argues that Plaintiff's medical history shows "a progression and escalation of treatment" which suggests that her future damages will ultimately exceed the Court's jurisdictional threshold of $75,000. See id. at 3, 6. Defendant contends that based on this information it has "met its burden of establishing the amount in controversy" in this action. See id. at 4.

For several reasons, the information Defendant provides is insufficient to satisfy the Court's inquiry into its subject matter jurisdiction. Despite contending that Plaintiff received three shoulder injections between September

---

[3] The Court previously explained why the amounts of Plaintiff's medical bills and Proposal for Settlement, standing alone, failed to persuade the Court of the existence of subject matter jurisdiction over this action. See Jurisdictional Order at 5–6. While the Court considers these facts again in conjunction with the new information Defendant provides, the Court will not repeat the analysis of these facts that it included in the Jurisdictional Order.

7 and October 5, Defendant provides no information which would allow the Court to conclude that Plaintiff is likely to receive additional injections even if she continues her course of treatment, nor can the Court estimate the cost of such injections or additional treatment. And Defendant does not provide any information to suggest that Plaintiff's treatment has continued to escalate after October 5, 2023.[4] In short, Plaintiff's age and the fact that she received three injections between September 7 and October 5—combined with the other evidence in the record, including the Proposal for Settlement—is simply insufficient to satisfy Defendant's burden of establishing that the amount in controversy in this case exceeds the Court's jurisdictional threshold.[5] As such, the case is due to be remanded.[6]

---

[4] The Court recognizes that Defendant received Plaintiff's medical history on October 16, 2023. See Jurisdictional Response at 2. Accordingly, Defendant may simply lack information regarding Plaintiff's ongoing treatment after that date. Nonetheless, Defendant has the burden to establish the existence of subject matter jurisdiction at the time of removal by a preponderance of the evidence. See McKinnon Motors, 329 F.3d at 807. On the record currently before the Court, it has not done so.

[5] Defendant cites several non-binding cases where courts found that the amount-in-controversy requirement was met despite the plaintiff's actual damages falling below the jurisdictional threshold. See Jurisdictional Response at 5–6. However, the facts of these cases are not sufficiently similar to suggest the same conclusion is warranted here. For example, Defendant cites a case where the plaintiff "had two strokes attributed to the" incident at issue in the case, and these strokes "resulted in multiple hospital stays." See id. at 6 (citing Rogers v. Dollar Tree Stores, Inc., No. 6:20-cv-424-Orl-40DCI, 2020 WL 10458515, at *6 (M.D. Fla. Jun. 9, 2020)). Under the specific facts of that case, the court was persuaded "that the injuries consistently alleged may very likely result in extensive future treatment, rehabilitation, and additional medical costs not accounted for." See Rogers, 2020 WL 10458515, at *6. Such is not the case here.

[6] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If through such discovery Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

Accordingly, it is

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this order to the clerk of that court.

3. The Clerk of the Court is further **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 2, 2024.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc31
Copies to:

Counsel of Record

Clerk, Circuit Court, Fourth Judicial Circuit
in and for Duval County, Florida